UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clifton Donell Lyles, #294075, ) | Civil Action No. 4:22-cv-3572-SAL-TER |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Governor Henry McMaster, Director ) | **ORDER** |
| Brian Stirling, Warden Donnie ) | |
| Stonebreaker, Warden Kenneth Sharp, ) | |
| Associate Warden Richard Chvala, ) | |
| Associate Warden Brightharp, and ) | |
| Major Meeks, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on review of the Report and Recommendation of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e) (D.S.C.) (Report). [ECF No. 30.] Because Plaintiff is a prisoner, the magistrate judge screened his Complaint pursuant to 28 U.S.C. § 1915A(a). *Id.* at 3. This required screening charges the court to identify cognizable claims or to dismiss the complaint if it is frivolous, malicious, or fails to state a claim, or if it seeks monetary relief from defendants afforded immunity from such relief. 28 U.S.C. § 1915A(b).

**PROCEDURAL BACKGROUND**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed his amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment and two state statutes, S.C. Code Ann. §§ 24-1-110 and 24-1-130, by Director Brian Stirling, Governor Henry McMaster, and various Department of Corrections employees. [ECF No. 20 at 4.] The magistrate judge recommends Defendants Stirling and McMaster be summarily dismissed with prejudice and without issuance and service of process and that Plaintiff's alleged Eighth

1

Amendment violations based on claims of cold food, window coverings, and inadequate cleaning be dismissed with prejudice. [ECF No. 30 at 6.] The magistrate judge also recommends claims against the remaining defendants, including those based on failure to provide adequate exercise and showers, be allowed to proceed. *Id*. at 5–6. Plaintiff timely filed objections. [ECF No. 34.] The court also considers Plaintiff's appeal of the magistrate judge's denial of appointment of counsel. [ECF No. 51.] These matters are now ripe for ruling.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of *specific*

objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

## DISCUSSION

Plaintiff makes three objections to the Report. The court addresses each in turn below. Because Plaintiff has not objected to the magistrate judge's factual findings, they are incorporated by reference, and only those facts pertinent to Plaintiff's objections are reproduced below.

### I.    Statute of Limitations

In his amended complaint, Plaintiff alleges a staffing shortage within the Department of Corrections dating back to 2015 and continuing to the present. For example, he alleges McMaster has not corrected a staffing shortage "[f]rom approximately, March 2016, until the present day," and Stirling has both "failed to recruit and maintain adequate staffing throughout the department" and "fail[ed] to correct the inhumane living conditions . . . [f]rom 2015 until the present . . . ." ECF No. 20 at 8, 9–10. Plaintiff alleges he lost a tooth in 2016 "due to the shortage of staff that prevented him from being allowed to report to medical for a dental appointment."[1] *Id.* at 10.

The magistrate judge recommends dismissal of the claims on grounds they were filed outside the statute of limitations. [ECF No. 30 at 3–4.] The Report correctly concludes that the statutory period for a § 1983 claim under South Carolina law. *See English v. Clarke*, C/A No. 3:19-cv-02491-JMC, 2021 WL 4398371 (D.S.C. Sept. 27, 2021) (citing *Owens v. Okure*, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5)). It accordingly concludes Plaintiff's claims relating to "events that happened in the Turbeville [Correctional Institution] beginning in August 2017, at SCDC beginning in June 2016, and other allegations in 2015" are time-barred. [ECF No. 30 at 3.]

---

[1] Notably, the district court previously granted summary judgment on Plaintiff's 2016 allegations of inadequate dental care. *See Lyles v. Broach*, C/A No. 4:16-3188-TMC-TER, 2018 WL 1064251 (D.S.C. February 26, 2018), aff'd, *Lyles v. Broach*, 732 F. App'x 247 (4th Cir. July 30, 2018).

3

Plaintiff objects on the ground his violations are of a continuing nature. [ECF No. 34 at 1.] Specifically, he likens his claims to ones for nuisance, arguing that "[b]ecause the nuisance abates and reoccurs in other forms of injuries, and no recovery has been made in those previous events, then the statute of limitations starts anew with each event." *Id.*

Plaintiff's objections provide additional context to his claims regarding the failure to correct staff shortages within the Department of Corrections. And while the magistrate judge has correctly identified the applicable statute of limitations under state law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (emphasis in original). In similar contexts, courts in this Circuit have found it appropriate to apply the continuing tort or continuing violation rule. *See DePaola v. Clarke*, 884 F.3d 481, 487 (4th Cir. 2018) ("[A] prisoner may allege a continuing violation under Section 1983 by identifying a series of acts or omissions that demonstrate deliberate indifference to a serious, ongoing medical need. The statute of limitations does not begin to run on such a claim for a continuing violation of a prisoner's Eighth Amendment rights until the date, if any, on which adequate treatment was provided."); *see also Burgess v. Anderson Cnty. Det. Ctr.*, CIVIL ACTION 1:19-3136-MGL-SVH, 2020 WL 5701897, at *2 (applying the continuing violation doctrine to a failure to protect/deliberate indifference claim); *Abdullah v. Reynolds*, No. 2:12-cv-3499-RMG, 2014 WL 851859, at *3–4 (D.S.C. Mar. 4, 2014) ("The continuing tort or continuing violation rule is 'a general principle of federal common law' and applies in Section 1983 cases."). "This rule provides that where a tort 'involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious acts or omissions cease.'" *Abdullah*, 2014 WL 851859, at *3 (quoting 4 Modern Tort Law: Liability and Litigation § 35:19 (2d ed.)).

Here, Plaintiff arguably raises claims that are continuing in nature. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) ("The nature of [the plaintiff's] allegations are that prison officials repeatedly and regularly imposed lockdown for improper purposes, and with each continuing day and period of lockdown, [the plaintiff's] injuries increased. The statute of limitations began running from the last date of lockdown, or the last day confined to the tiny cell . . . ."). If that is the case, then his claims would not be time-barred. The court makes no ruling on that issue at this stage. This determination is limited to whether Plaintiff's claims should be summarily dismissed for failure to comply with the statute of limitations. As explained above, because the continuing tort rule potentially applies based on the information available to the court, the court grants Plaintiff's objection. The court declines to summarily dismiss Plaintiff's claims based on the statute of limitations.[2]

## II.     Supervisory Liability

Lyles also brings claims under a supervisory liability theory against Henry McMaster, the Governor of South Carolina, and Brian Stirling, the Director of the South Carolina Department of Corrections, for failing to sufficient staff the Department of Corrections. The court recognizes "[s]upervisory liability in the civil rights context may extend to the highest levels of state government." *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984). But to demonstrate supervisory liability under § 1983, a plaintiff must establish the following three elements:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there

---

[2] As explained below, some of these same claims will not survive dismissal because Plaintiff has failed to adequately allege supervisory liability against Defendants McMaster and Stirling.

> was an "affirmative causal link" between the supervisor's inaction
> and the particular constitutional injury suffered by the plaintiff.

*McCall v. Williams*, 52 F. Supp. 2d 611, 622 (D.S.C. 1999) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). A plaintiff's burden of establishing supervisory liability through deliberate indifference is heavy, and he cannot satisfy that burden by "'pointing to a single incident or isolated incidents, for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities.'" *Id*. (quoting *Slakan*, 737 F.2d at 373).

Here, the Report found Plaintiff failed to identify an affirmative causal link between his injuries and McMaster and Stirling's failure to increase staffing at the Department of Corrections. [ECF No. 30 at 4.] Plaintiff objects on the ground both McMaster and Stirling "are well aware or should be well aware of the effects that this shortage of staff has had on Plaintiff through his various complaints, grievances and lawsuits." [ECF No. 34 at 3.] But his only support for this assertion is that "[t]heir response to [their subordinates' injurious conduct] was inadequate and was contributory to the various injuries suffered by Plaintiff." [ECF No. 34 at 3.] This bare legal conclusion is inadequate to establish the "affirmative causal link" needed to create an exception to supervisory liability under § 1983. *See Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989) ("[Section] 1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' . . . , or that are not supported by specific facts pleaded, . . . may warrant dismissal . . . ." (quoting *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985))). Moreover, Plaintiff does not allege McMaster or Stirling had any personal involvement with the alleged deprivation of his rights, only that they failed to adequately staff and manage SCDC. [ECF No. 20 at 4–5, 8–11.] His objection is accordingly overruled, and Plaintiff's claims against Defendants McMaster and Stirling are dismissed.

### III.     Constitutional Magnitude of Cold Food, Window Coverings, and Cleaning

In the Report, the magistrate judge recommends Plaintiff's claims regarding cold food, inadequate cleaning, and window coverings be summarily dismissed because Plaintiff has failed to state a claim upon which relief can be granted. [ECF No. 30 at 5.]  The magistrate judge specifically finds Plaintiff's claims do not amount to constitutional violations. *Id.*

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  At the same time, the constitutional prohibition against cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  To state an Eighth Amendment constitutional violation, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"  *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (citing *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)).  To demonstrate deprivation of a basic human need, a plaintiff must allege that officials failed to provide him with "humane conditions of confinement[, such as] adequate food, clothing, shelter, and medical care, and [did not] 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). A prison official is deliberately indifferent when he has actual knowledge of a substantial risk of harm to a prisoner and disregards that risk. *Id*. at 847.  A plaintiff also must show he suffered a serious or significant physical or mental injury because of the challenged condition. *Strickler*, 989 F.2d at 1380–81.

7

Plaintiff objects to the magistrate judge's finding that his complaints of cold food, no cleaning, and coverings on windows "are not of a constitutional magnitude." [ECF No. 30 at 5.] He argues that "one of those violations [] by itself . . . may not amount to a constitutional violation[,] [b]ut being done . . . on a continuous basis is a[n] Eighth [A]mendment constitutional violation." [ECF No. 34 at 3.] Plaintiff's objection focuses namely on cold food, which he alleges "he has been forced to eat . . . on a continuous basis for over four (4) years, causing him constipation resulting in a hernia." *Id*. at 3–4.

The Fourth Circuit recognizes that prisons must provide "inmates [with] nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it.'" *Shrader v. White*, 761 F.2d 975, 986 (citations omitted). Failure to meet basic nutritional needs is considered cruel and unusual punishment because inmates rely on prisons for food. *Livingston v. Padula*, C/A No. 8:08-3064-HFF-BHH, 2009 WL 1872107, at *5 (D.S.C. June 29, 2009). "Even assuming food is being served cold, the plaintiff must show a causal connection between the constitutional deprivations and the harm alleged." *Id*. (citing *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)).

In his objections, Plaintiff provides no details about the condition or quality of the food, other than its temperature, to explain how it caused his injuries. Plaintiff maintains

> he has been forced to eat cold food on a continuous basis for over four . . . years. As a result, he suffered from . . . constipation [that] caused him to strain while attempting a bowel movement. Medical provided him with rectal inserts and stool soft[e]ners, and instructed him to exercise as a means of treatment. . . . But because of the long term (sic) denial of cold food, through the continued lockdowns and shortage of staff, Plaintiff has developed hernias.

[ECF No. 34 at 3–4.] But "the fact that the food …. sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Hamm v. DeKalb*, 774 F.2d 1567, 1575 (11th

8

Cir. 1985). And even if cold food had caused Plaintiff's injury, he admits he received medical care. [ECF No. 34 at 3–4.] Plaintiff's allegation is insufficient to establish a causal connection between cold food and constipation. *See Livingston*, 2009 WL 1872107, at *5 (citing *Zatler*, 802 F.2d 397, 401). Plaintiff's objection is overruled.

Plaintiff has failed to offer anything other than a general objection to the recommendation that Plaintiff's claims of no cleaning and window coverings be dismissed. Those objections are overruled as well. *Cf. Elijah v. Dunbar*, -- F.4th --, 2023 WL 3028346, at *3 (4th Cir. 2023) ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Plaintiff's claims as to poor cleaning and window coverings are therefore dismissed, along with those concerning cold food.

The magistrate judge recommends allowing Plaintiff's Eighth Amendment claims against the Department of Corrections employees for failure to provide adequate exercise to proceed. [ECF No. 30 at 5–6.] To the extent Plaintiff alleges constipation leading to a hernia was caused by failure to receive adequate exercise, that claim is not dismissed.

## IV. Appeal of denial of appointment of counsel

Plaintiff appeals the magistrate judge's order denying his motion to appoint counsel. [ECF No. 51.] His entire appeal consists of one sentence: "I, Clifton Donell Lyles, Plaintiff, do hereby appeal the Order of the U.S. Magistrate Judge Thomas E. Rogers, III, issued on June 26, 2023, [d]enying the Motion to Appoint Counsel." [ECF No. 54.]

Generally, there is no right to counsel in civil cases. *See Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Courts have discretion to appoint counsel to indigents in a civil action but should only do so "in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

Plaintiff does not give any reason why this court should reverse the magistrate judge's denial of appointment of counsel. His frequent filings and history of success in court lead the court to believe he can pursue this action without appointed counsel. His appeal is denied.

## CONCLUSION

The court adopts the Report, ECF No. 30, except as modified above and incorporates it by reference. Defendants Stirling and McMaster are summarily dismissed with prejudice and without issuance and service of process. Plaintiff's alleged Eighth Amendment violations based on cold food, window coverings, and inadequate cleaning are dismissed with prejudice. Plaintiff may proceed with his remaining Eighth Amendment claims against Defendants Stonebreaker, Sharpe, Brightharp, Chvala, and Meeks for failure to provide adequate exercise and showers. This case remains with the magistrate judge for preliminary matters.

The magistrate judge's order denying Plaintiff appointment of counsel is affirmed.

**IT IS SO ORDERED.**

November 28, 2023　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　United States District Judge