IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clifton Donell Lyles,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Warden Donnie Stonebreaker,<br>Warden Kenneth Sharpe, Associate<br>Warden Richard Chvala, Associate<br>Warden Brightharp, Major Meeks,<br><br>　　　　　　Defendants. | Case No. 4:22-cv-03572-JDA<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendants' motion for summary judgment. [Doc. 120.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings.

On June 30, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' summary judgment motion be granted. [Doc. 137.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [Doc. 137-1.] On July 18, August 1, and August 18, 2025, Plaintiff filed objections to the Report, Defendants filed a response, and Plaintiff filed a reply. [Docs. 140; 142; 143.]

For the reasons to be discussed, the Court grants Defendants' motion for summary as to Plaintiff's federal claims and declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which the Court dismisses without prejudice.

**BACKGROUND**

In his unverified Amended Complaint, Plaintiff alleges, pursuant to 42 U.S.C. § 1983, Eighth Amendment cruel and unusual punishment/conditions of confinement claims regarding the denial of regular opportunities for outdoor recreation, exercise, and showers from January 20 through October 11, 2021, while Plaintiff was housed at Turbeville Correctional Institution ("TCI") and from October 12, 2021, through September 11, 2022, while Plaintiff was housed at Evans Correctional Institution ("ECI") (the "TCI Exercise Claim," the "TCI Shower Claim,"[1] the "ECI Exercise Claim," and the "ECI Shower Claim"). [Doc. 20.] Plaintiff also alleges claims for violations of two state statutes, S.C. Code Ann. §§ 24-1-110 and 24-1-130 (the "State Law Claims"). [*Id.*] Plaintiff alleges that the lack of exercise and showers have left him unable to treat various medical conditions, including diabetes, high cholesterol, blood pressure, and constipation. [*E.g., id.* at 11.] As Defendants, Plaintiff names four TCI officials—Warden Kenneth Sharp ("Warden Sharp" or "Sharp")[2], Associate Wardens Chvala ("Chvala") and Brightharp ("Brightharp"), and Major Meeks ("Meeks")—and one ECI official—Warden Donnie Stonebreaker ("Warden Stonebreaker" or "Stonebreaker"). [Doc. 20.] For his relief, Plaintiff requests money damages, including punitive damages. [*Id.* at 18.]

---

[1] The Court notes that the TCI Shower Claim is asserted against only Sharp and Brightharp and not against Chvala and Meeks. [Doc. 20 at 5–6.]

[2] The Court uses the spelling of Sharp's surname that Sharp uses in his affidavit.

Defendants filed their motion for summary judgment on September 26, 2024 ("Defendants' Summary Judgment Motion").[3] [Doc. 120.] On September 30, 2024, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 121.] On October 15, 2024, Plaintiff filed a response opposing the motion. [Doc. 124; *see also* Doc. 125.] On November 8 and 20, 2024, Defendants filed a reply and Plaintiff filed a sur-reply. [Docs. 134; 135.]

On June 30, 2025, the Magistrate Judge issued his Report recommending that Defendants' Summary Judgment Motion be granted. [Doc. 137.] Regarding the TCI Exercise Claim and the TCI Shower Claim, the Magistrate Judge concluded that Plaintiff did not forecast sufficient evidence that he exhausted his available administrative remedies. [*Id.* at 10.] As for the ECI Exercise Claim and the ECI Shower Claim, the Magistrate Judge concluded that Plaintiff failed to show evidence that could reasonably support a conclusion that Warden Stonebreaker violated Plaintiff's constitutional rights. [*Id.* at 16–22.] Specifically, the Magistrate Judge concluded regarding the ECI Exercise Claim that Plaintiff failed to produce sufficient evidence that Plaintiff could not engage in inside exercise, that his alleged harms were causally related to lack of exercise, that Warden Stonebreaker acted with deliberate indifference, or that Stonebreaker had sufficient personal involvement in causing any lack of exercise. [*Id.* at 18–22 & n.10.] Regarding the ECI Shower Claim, the Magistrate Judge noted that Warden Stonebreaker

---

[3] Defendants had filed an earlier motion for summary judgment [Doc. 81] that the Court denied without prejudice to Defendants' right to file a second summary judgment motion. [Doc. 108.]

3

attested that Plaintiff had the opportunity for three showers a week unless there was a manpower shortage.[4]  [*Id.* at 22.]  For this reason, the Magistrate Judge concluded that Plaintiff failed to show evidence that Stonebreaker intended to harm Plaintiff or deliberately ignored an excessive risk to his physical or emotional health that was within Stonebreaker's control.  [*Id.*]  Based on the conclusion that Plaintiff had not forecasted sufficient evidence to create a genuine dispute of material fact as to whether Warden Stonebreaker violated Plaintiff's constitutional rights as to either the ECI Exercise Claim or the ECI Shower Claim, the Magistrate Judge also concluded that Stonebreaker was entitled to summary judgment based on qualified immunity.  [*Id.* at 23–24.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

---

[4] The Court notes that Stonebreaker specifically attested that he was unaware of any showering opportunities that Plaintiff was denied at ECI and that there may have been occasional random days when showers were missed due to staffing or security issues, but that was not common.  [Doc. 120-4 ¶ 4.]

4

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Plaintiff is proceeding pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the party proceeding pro se could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the pro se party's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

5

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

6

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**The TCI Exercise Claim and the TCI Shower Claim**

In his objections, Plaintiff argues that the Magistrate Judge incorrectly concluded that Defendants are entitled to summary judgment as to the TCI Exercise Claim and the TCI Shower Claim based on Plaintiff's failure to exhaust his administrative remedies.[5] [Doc. 140 at 1–6.] The Court need not address this issue because even assuming Plaintiff is correct regarding exhaustion, the Court concludes that Plaintiff has not forecasted evidence that could support a finding of a constitutional violation.

The Eighth Amendment's prohibition on "cruel and unusual punishments" imposes certain basic duties on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). These include maintaining humane conditions of confinement, including the provision of adequate medical care and "reasonable measures to guarantee the safety of the

---

[5] Plaintiff argues, among other things, that in Grievance TCI-0362-18 he claimed that he was denied regular opportunities for outdoor recreation or exercise and showers at TCI. [Doc. 140 at 2–3; *see also* Docs. 125 at 7; 140-1 at 2.] Defendants contend that because that grievance concerns the conditions at TCI in 2017 and 2018 and Plaintiff reached a settlement of a lawsuit during his conditions-of-confinement claims arising out of that time period, Plaintiff was required to file another grievance to exhaust a claim based on conditions for a later time period. [Doc. 142 at 4–5.] On the other hand, Plaintiff contends that the same unconstitutional conditions of confinement continued, unabated, through the time that is the subject of his current claim and thus argues that he was not required to file another grievance. [Doc. 140 at 5–6.]; *see Wilcox v. Brown*, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (holding that the district court erred in concluding that the prisoner plaintiff "was required to file an additional grievance to exhaust his administrative remedies with regard to the prison's continued refusal to resume" religious services at the prison).

7

inmates." *Id.* (internal quotation marks omitted). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The Eighth Amendment "does not mandate comfortable prisons . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Rather, "[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).

The Court initially notes that Defendants submitted an affidavit from Sharp representing, as relevant here, that "[f]rom July 2020 through April 2021, [Plaintiff] was employed as a landscape laborer or horticulture laborer, which enabled him to be outside on a regular basis multiple times per week during which he would get outdoor exercise carrying out those job duties"; that staffing shortages at TCI during the time Plaintiff was housed there were particularly problematic because of the ongoing COVID-19 pandemic and thus opportunities for outdoor recreation were not regular and were dependent on available manpower; that Plaintiff was placed in a restricted housing unit ("RHU") during a portion of 2021 and that because of manpower shortages, it was often difficult to provide outdoor recreation to inmates who were in the RHU; but that inmates in RHU have sufficient space in their cells for sit-ups, push-ups, calisthenics, and the like. [Doc. 120-2 ¶¶ 4–8; *see also* Doc. 120-5 ¶¶ 4–7 (similar representations in Chvala's affidavit).]

Plaintiff, on the other hand, did not file a verified complaint, nor did he attach declarations or affidavits to his unverified Amended Complaint, his responses in opposition to Defendants' summary judgment motion, or his objections and reply.

[Docs. 20; 124; 125; 135; 140; 143.] As such, in considering Defendants' entitlement to summary judgment, the Court is largely left to accept the correctness of Defendants' affidavits and reject the unsupported contrary allegations in Plaintiff's Amended Complaint, responses to Defendants' motion, and objections. *See Celotex Corp.*, 477 U.S. at 323. For that reason, the Court concludes that the Magistrate Judge correctly recommended summary judgment be granted to Sharp, Chvala, Brightharp, and Meeks regarding the TCI Exercise Claim. *See Goss v. Kendell*, No. 2:20-00949-MGL, 2022 WL 855549, at *3 (D.S.C. Mar. 23, 2022) (noting that Eighth Amendment does not mandate that prisoners be allowed to exercise outdoors when alternative avenues for exercise exist), *aff'd,* 2023 WL 4105721 (4th Cir. June 21, 2023); *Sarratt v. Ozmint*, No. 2:09-541-HFF-RSC, 2009 WL 3861135, at *6 (D.S.C. Nov. 17, 2009) ("Courts have held that there is no need to provide opportunities for exercise outside of one's cell if a person is capable of performing exercise within his or her cell."); *see also Hause v. Harris*, No. 0:07-270-JFA-BM, 2008 WL 216651, at *8 (D.S.C. Jan. 23, 2008) ("Generally, even dramatic restrictions on outdoor exercise do not violate [the Due Process Clause] so long as prisoners have ample opportunity to enjoy indoor activity.").

Regarding the TCI Shower Claim, Chvala's affidavit explains that from July 2020 through April 2021, when Plaintiff was employed as a landscape laborer or horticultural laborer, he was allowed to shower after he returned to his housing unit from his job, which was multiple times per week, and that he also was afforded the opportunity to shower when the other inmates in his housing unit showered, which was a minimum of twice per week and often three times per week. [Doc. 120-6 ¶¶ 4–5; *see also* Doc. 120-8 ¶ 4 (similar representations in Brightharp's affidavit).] Chvala's affidavit further states that

9

when Plaintiff was in the RHU, he was allowed to shower three times per week. [Doc. 120-6 ¶ 6; *see also* Doc. 120-8 ¶ 5 (similar representations in Brightharp's affidavit).] The Court therefore concludes that Sharp and Brightharp are entitled to summary judgment on the TCI Shower Claim. *See Stewart v. Williams*, No. 8:24-cv-5908-RMG-WSB, 2025 WL 608146, at *6 (D.S.C. Feb. 3, 2025) (holding that conditions of confinement that included being allowed only three showers per week did not give rise to an Eighth Amendment violation), *Report and Recommendation adopted by* 2025 WL 1248971 (D.S.C. Apr. 30, 2025); *Yarborough v. Robinson*, No. 97-7603, 1998 WL 879660, at *2 (4th Cir. Dec. 17, 1998) (per curiam) ("The denial of his right to shower and exercise for four days does not constitute an Eighth Amendment violation, and there is nothing to connect this event with the exercise of a constitutional right.").[6]

**The ECI Exercise Claim and the ECI Shower Claim**

As to the ECI Exercise Claim, the Magistrate Judge concluded that Plaintiff has failed to forecast "evidence that [P]laintiff could not exercise within his cell at his discretion while housed at ECI." [Doc. 137 at 18 n.8.] Additionally, the Magistrate Judge reasoned:

> Plaintiff has provided no rebuttal evidence to Defendants' evidence that he had adequate opportunity for in-cell exercise, and the period in question—roughly 3 months—is considerably less than the period in his previous case, *Lyles v. Sterling*, 844 F. App'x 651 (4th Cir. 2021)(unpublished). Plaintiff has alleged that he was not allowed out-of-cell recreation while on lockdown at ECI from July until September 2022 but has not provided evidence that he was not allowed

---

[6] The Court notes that *Lyles v. Stirling*, 844 F. App'x 651 (4th Cir. 2021), in which the Fourth Circuit reversed a district court order granting summary judgment against Plaintiff in a separate case in which he raised similar claims, is distinguishable. In that case, Plaintiff forecasted evidence that "he could not adequately perform in-cell exercise because he was housed with another inmate," that "his cell was too small to do the exercises given to him," and that he was allowed only "one shower a week." *Id.* at 654. Critically, Plaintiff has not forecasted such evidence in this case.

10

> out-of-cell exercise during the previous months at ECI. Additionally, Plaintiff has failed to adequately show that he suffered a serious or significant physical or emotional injury resulting from the challenged conditions.

[*Id.* at 19.] Regarding that last point, the Magistrate Judge noted that "[w]hile the medical records reveal Plaintiff gained weight while at ECI, there is no evidence that the weight gain was a result of no outside recreation/exercise." [*Id.*]

In his objections, Plaintiff fails to identify any sworn evidence, by affidavit or by a verified pleading, where he has forecasted evidence to support the ECI Exercise Claim.[7]

The Court initially notes that an affidavit from Stonebreaker states that inmates at ECI had regular opportunities for indoor exercise:

> Inmates were generally allowed out of their cells on a daily basis subject to a lockdown or other extenuating circumstances. In addition, when in their cells, inmates are not restrained and have sufficient room to exercise including sit-ups, push-ups, and other calisthenics. The inmates are provided instructions for in-cell or other indoor exercise.

[Doc. 120-3 ¶ 6.] As already noted, Plaintiff did not file a verified complaint, nor did he attach declarations or affidavits to his unverified Amended Complaint, his responses in opposition to Defendants' summary judgment motions, or his objections and reply. [Docs. 20; 124; 125; 135; 140; 143.] Thus, similar to the Court's analysis of Plaintiff's claims concerning his conditions of confinement at TCI, the Court concludes that the Magistrate Judge correctly recommended summary judgment be granted to Warden Stonebreaker regarding the ECI Exercise Claim. *See Goss*, 2022 WL 855549, at *3; *Sarratt*, 2009 WL 3861135, at *6.

---

[7] Plaintiff points out that he did *argue* that he lacked adequate opportunity for in-cell exercise. [Doc. 140 at 9 (citing Doc. 135 at 3–4).]

11

Regarding the ECI Shower Claim, an affidavit from Warden Stonebreaker states that "[p]ursuant to policy, inmates in the general population were to receive the opportunity to shower three days a week—typically on Mondays, Wednesdays, and Fridays" and that "[t]o [his] knowledge, this policy was complied with in the housing units." [Doc. 120-4 ¶ 4.]  It further represents that "[t]here may have been random days on occasion where showers may have been missed due to staffing issues or security-related issues on a unit, but that was not typical" and "[g]enerally, the staffing in the housing units allowed for the shower policy to be complied with." [*Id.*]  The affidavit also provides that Stonebreaker "had no personal involvement in providing or denying a shower to [Plaintiff] on any particular date or time while he was housed at [ECI]." [*Id.* at ¶ 5.]  Given this unrebutted evidence forecasted by Defendants, the Court concludes that the Magistrate Judge correctly determined that Plaintiff has not created a genuine dispute of material fact concerning the ECI Shower Claim.  Accordingly, summary judgment is granted to Warden Stonebreaker on this claim.[8]  *See Stewart*, 2025 WL 608146, at *6; *Yarborough*, 1998 WL 879660, at *2.

**State Law Claims**

Defendants do not address the State Law Claims in their motion for summary judgment, and the Magistrate Judge has not addressed them either.

---

[8] Additionally, for all the reasons already discussed, Defendants are entitled to summary judgment on the basis of qualified immunity as to each claim asserted against them as no reasonable official in Defendants' positions would have known that their conduct violated Plaintiff's constitutional rights.  *See Pearson v. Callahan*, 555 U.S. 223, 231, 236 (2009).

The State Law Claims could be heard by this Court through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal claims.[9]  Federal courts are permitted to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction."  A court has "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."  *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  In deciding whether to exercise supplemental jurisdiction, courts look at "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Id.*  "[G]enerally, when a district court dismisses all federal claims in the early stages of litigation—e.g., at the summary-judgment stage—it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice."  *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (internal quotation marks omitted) (affirming district court's granting of summary judgment to defendants on the only remaining federal claim and declining to exercise supplemental jurisdiction and dismissing the state law claim without prejudice).

In this case, dismissal of the State Law Claims is appropriate in light of the *Shanaghan* factors.  The remaining claims present state law questions.  Additionally, judicial economy will not be hindered by declining to exercise supplemental jurisdiction over the State Law Claims.  Accordingly, the Court declines to exercise supplemental

---

[9] A civil action for the State Law Claims could be cognizable in this Court under the diversity statute if that statute's requirements are satisfied.  However, this Court does not have diversity jurisdiction in this case because Plaintiff and Defendants apparently are all citizens of the State of South Carolina [Doc. 20 at 2–3], which defeats the required complete diversity of parties, *see* 28 U.S.C. § 1332.

jurisdiction over Plaintiff's State Law Claims in this case and dismisses them without prejudice.

## **CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge [Doc. 137] as modified and, with the exception of the analysis concerning the exhaustion of administrative remedies, incorporates it by reference to the extent not inconsistent herewith.  Accordingly, Defendants' motion for summary judgment [Doc. 120] is GRANTED IN PART.  The motion is granted as to Plaintiff's federal claims.  The Court declines to exercise supplemental jurisdiction over Plaintiff's State Law Claims, and they are DISMISSED without prejudice so that Plaintiff can pursue them in state court if he wishes to do so.[10]

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 23, 2025
Florence, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[10] The statute of limitations on these State Law Claims has been tolled while they were pending in federal court and remains tolled for a period of 30 days after they are dismissed.  28 U.S.C. § 1367(d).